HAWKINS, Justice,
specially concurring:
I concur in the affirmance of this case.
The purpose of a bond validation hearing is to forever quiet and absolutely confirm the validity of a bond issue. If there are any questions as to the validity of the bonds, the time and method to raise them are by objections interposed on the bond validation hearing. Following a validation decree of the bond issue, no questions whatever can be raised in Court. I trust the majority is not making a different statement than this as to the law.
I see no necessity in this case of a Rule 57 proceeding, since all questions which could be raised under this Rule are afforded in a bond validation proceeding under the statute, Miss.Code Ann. § 31-13-5 et seq.
I find it difficult to characterize the differences between the local and private law, Chapter 831, Local and Private Laws, Regular Session 1966, and the general law, Miss.Code Ann. § 19-5-153, et seq. as “primarily procedural or minor,” [page 1016 opinion] as the majority states; and Footnote 5 belies this observation, at least to me.
Finally, if the contestants in this case had been afforded no opportunity to be heard in the formation of this utility district, there would have been a violation of their due process rights. Bouslog v. City of Gulfport, 112 Miss. 184, 72 So. 90 (1916). And, if such had been the case here, they would have been entitled to raise the question at the bond validation hearing. I conclude from the majority’s statement of the facts this did not occur. The majority opinion, however, adverts to this question, and at least to me, is not clear on whether the objectors would have been entitled to raise such a question at the bond validation hearing.
DAN M. LEE, J., joins this opinion.